UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JASON BENNETT,<br><br>　　　　　　　　Respondent. | Case No. C24-371-JLR-SKV<br><br>REPORT AND RECOMMENDATION |

### I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Eugene Garvie is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington.  Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 Snohomish County Superior Court judgment and sentence.  *See* Dkt. 5.  Respondent has filed an answer to the petition together with relevant portions of the state court record.  Dkts. 14, 15.  Petitioner has not filed a response to Respondent's answer.[1]  This Court, having reviewed the briefing of the parties and the state court record, concludes that this federal habeas action should be dismissed with prejudice for lack of jurisdiction.

---

[1] Petitioner recently filed a series of motions seeking various form of relief from the Court, but none of those motions appears relevant to the issues raised in Respondent's answer.  *See* Dkts. 23, 24, 25, 26, 28, 29.  The Court will further address Petitioner's motions below.

REPORT AND RECOMMENDATION
PAGE - 1

## II.     BACKGROUND

On August 11, 2016, Petitioner entered a guilty plea in Snohomish County Superior Court to a charge of first-degree perjury. *See* Dkt. 15, Ex. 1 at 1. On August 24, 2016, Petitioner was sentenced to a term of 22 months confinement on that charge, and the superior court ordered that the sentence run consecutive to the sentence Petitioner was then serving for prior convictions on child sex offense charges.[2] *See id.*, Ex. 1 at 5, Ex. 3. Petitioner did not file a direct appeal of his 2016 judgment and sentence.

In January 2021, Petitioner filed what he identified as a "Motion for Demurrer" in Snohomish County Superior Court, apparently relating to both his 2007 and 2016 convictions. *See* Dkt. 15, Ex. 2. The state moved to transfer the motion to the Washington Court of Appeals for consideration as a personal restraint petition, and on February 26, 2021, the superior court entered an order transferring the matter to the Court of Appeals. *Id.*, Exs. 3, 4. Several months later, on July 2, 2021, the Court of Appeals dismissed the petition because Petitioner failed to pay the filing fee or to provide a statement of finances. *Id.*, Ex. 5. Petitioner did not pursue the matter further and, on August 10, 2021, the Court of Appeals issued a certificate of finality in that proceeding. *Id.*, Ex 6.

On March 8, 2023, Petitioner filed a motion for relief from judgment in Snohomish County Superior Court, followed the next day by a motion to withdraw his guilty plea, both relating to his 2016 conviction. *See* Dkt. 15, Ex. 7 at 1-2, 6-8. The state again moved to transfer Petitioner's motions to the Washington Court of Appeals, and the superior court entered an order

---

[2] At the time Petitioner committed the instant offense, he was confined pursuant to a 2007 judgment and sentence of the Snohomish County Superior Court that was entered following his plea of guilty to charges of second-degree rape of a child, sexual exploitation of a minor, and possessing depictions of a minor engaged in sexually explicit conduct. *See* Dkt. 15, Ex. 3. In that case, Petitioner was sentenced to a minimum term of 158 months confinement and to a maximum term of life imprisonment. *See id.*, Ex. 3 at 1-2.

REPORT AND RECOMMENDATION
PAGE - 2

transferring the matter to the Court of Appeals on May 5, 2023. *Id.*, Exs. 8, 9. Petitioner subsequently filed a motion to withdraw the matter, and the Court of Appeals granted the motion and dismissed the matter on October 20, 2023. *See id.*, Exs. 10, 12. The Court of Appeals issued a certificate of finality in that proceeding on December 4, 2023. *Id.*, Ex. 13.

In July 2023, Petitioner filed a petition for writ of mandamus in the Washington Supreme Court seeking a writ of mandamus directing Snohomish County Superior Court Anna Alexander to rule on the motion for relief from judgment he had filed in the superior court on March 8, 2023. *See* Dkt. 15, Ex. 14. The Supreme Court Commissioner issued a ruling dismissing the petition in September 2023, explaining that Judge Alexander had, in fact, ruled on Petitioner's post-conviction motion when she entered the order transferring the motion to the Court of Appeals for consideration as a personal restraint petition. *Id.*, Ex. 16. Petitioner's subsequent motion to modify the Commissioner's ruling was denied on January 3, 2024. *Id.*, Exs. 17, 18. The Supreme Court issued a certificate of finality in that proceeding on January 4, 2024. *Id.*, Ex. 19.

In August 2023, Petitioner filed a second petition for writ of mandamus in the Washington Supreme Court, this time seeking a writ of mandamus directing Judge Alexander to rule on the motion to withdraw guilty plea he had filed in the superior court on March 9, 2023. *See* Dkt. 15, Ex. 23. The Supreme Court Commissioner issued a ruling dismissing the petition in November 2023, once again explaining that Judge Alexander had, in fact, ruled on Petitioner's post-conviction motion when she entered the order transferring the motion to the Court of Appeals for consideration as a personal restraint petition. *Id.*, Ex. 26. Petitioner's subsequent motion to modify the Commissioner's ruling was denied on February 7, 2024. *Id.*, Exs. 27, 29.

REPORT AND RECOMMENDATION
PAGE - 3

The Supreme Court issued a certificate of finality in that proceeding on February 9, 2024. *Id.*, Ex. 30.

In August 2023, Petitioner filed a motion to vacate in the Snohomish County Superior Court which was apparently related to earlier post-conviction motions Petitioner had filed in that court. *See* Dkt. 15, Exs. 33, 34. The superior court deemed the motion to vacate to be an untimely motion for reconsideration and it issued an order denying the motion on September 15, 2023. *Id.*, Dkt. 33. Petitioner sought review of the superior court's order in the Washington Court of Appeals, where it apparently remains pending. *See* Dkt. 14 at 4; Dkt. 15, Exs. 34, 35.

Petitioner submitted his federal habeas petition to this Court for filing on March 19, 2024. *See* Dkt. 1. This matter is now ripe for review.

### III.    GROUND FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

> Trial Court Violated Appellate's XIV Amendment right to Due Process by failing to apply retroactive Sentencing Statute: RCW 9.94A.760 (2023).

Dkt. 5 at 5.

### IV.    DISCUSSION

Respondent argues that Petitioner has not properly exhausted his state court remedies because he has not presented his claim to the Washington Supreme Court as a federal claim. Dkt. 14 at 4. Respondent further argues that Petitioner cannot properly exhaust his claim because an independent and adequate state law bars him from fairly presenting his claim to state's highest court. *Id.* Respondent asserts, however, that the Court need not resolve the exhaustion and procedural default issues because even if Petitioner properly exhausted his state remedies, he may not obtain relief on the claim asserted in his petition. *Id.*

In particular, Respondent argues that the statute of limitations bars review of Petitioner's petition because Petitioner did not file the petition within one year after the challenged judgment and sentence became final. Dkt. 14 at 4. Respondent further argues that the claim asserted in the petition raises a mere issue of state law, and that the challenge presented does not state a cognizable claim for federal habeas relief. *Id*. As explained below, the Court concurs that Petitioner has not presented a cognizable ground for federal habeas relief and, thus, the Court need not address Respondent's remaining arguments.

### A.   Cognizability of Petitioner's Claim

Petitioner asserts in his lone claim for federal habeas relief that the trial court violated his constitutional rights when it failed to retroactively apply an amended version of RCW 9.94A.760 to his sentence. The statute in question governs legal financial obligations and restitution obligations and has been amended many times over the years. *See* RCW 9.94A.760. Petitioner offers no facts or argument in support of his claim, and he therefore fails to make clear in his petition the precise nature of his complaint. However, a review of the materials submitted by Respondent as part of the state court record suggests Petitioner's intended claim is that legal financial obligations imposed by the trial court, which were mandatory at the time Petitioner was sentenced, should have been vacated because subsequent amendments to RCW 9.94A.760 prohibit sentencing courts from imposing costs against indigent defendants. *See* Dkt. 15, Ex. 7 at 1-2, Ex. 8 at 5-7.

Federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In *Estelle v. McGuire*, 502 U.S. 62 (1991), the Supreme Court emphasized that

REPORT AND RECOMMENDATION
PAGE - 5

it is not the province of federal habeas courts to re-examine state court conclusions regarding matters of state law and that a federal court, in conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id*. at 67-68.

While Petitioner couches his claim regarding retroactive application of Washington's amended statute governing legal financial obligations in constitutional terms, the issue of whether a state statute should apply retroactively to a state-imposed sentence is a matter of state law and does not provide a basis for federal habeas review.

Even if Petitioner's claim were properly construed as a federal constitutional claim, this Court nevertheless has no jurisdiction to consider that claim in this federal habeas action. While Petitioner is currently confined pursuant to a state court judgment and sentence, the financial obligations which are at the heart of Petitioner's claim for federal habeas relief do not satisfy the "in custody" requirement of § 2254(a). *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (citing cases); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (fine is not custody); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (same).

In *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010), the Ninth Circuit specifically considered the question of whether a challenge to a restitution order by a custodial state prisoner who did not challenge the lawfulness of his custody under federal law was sufficient to satisfy the "in custody" requirement for jurisdiction under § 2254(a). The Ninth Circuit held that it was not. The Court explained that:

> The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is *in custody in violation of the Constitution or laws or treaties of the United States*," (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody. *See Dickerson v. United States*, 530 U.S. 428,

REPORT AND RECOMMENDATION
PAGE - 6

439 n.3, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ("Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a))).

*Bailey*, 599 F.3d at 980.

While Petitioner here is clearly in physical custody, he does not seek relief on the ground that his *custody* violates "the Constitution, laws or treaties of the United States." Rather, he seeks relief from his legal financial obligations. Because Petitioner does not challenge in his petition the lawfulness of his actual custody under federal law, this Court lacks subject matter jurisdiction over his petition, and the petition must therefore be dismissed.

**B.   Petitioner's Motions**

Petitioner has filed a series of motions including, among others, motions requesting that various records be produced, that he be permitted to conduct discovery, that Respondent be directed to file an answer to his federal habeas petition, and that he be appointed counsel. *See* Dkts. 22, 23, 24, 25, 26, 28, 29. Because Respondent has already filed an answer to Petitioner's petition, and because the record before the Court makes clear that Petitioner has not asserted in his petition any cognizable claim for federal habeas relief, Petitioner's various motions should be denied as moot.

**C.   Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, for lack of subject matter jurisdiction. This Court further recommends that all of Petitioner's pending motions (Dkts. 22, 23, 24, 25, 26, 28, 29) be denied as moot. Finally, this Court recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 29, 2024**.

DATED this 8th day of August, 2024.

S. KATE VAUGHAN
United States Magistrate Judge