UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE BRIAN GARVIE,

     Petitioner,

  v.

JASON BENNETT,

     Respondent.

CASE NO. C24-0371JLR

ORDER

## I. INTRODUCTION

Before the court are *pro se* Petitioner Eugene Brian Garvie's objections (Obj. (Dkt. # 32)) to United States Magistrate Judge S. Kate Vaughan's report and recommendation (R&R (Dkt. # 31)). Magistrate Judge Vaughan recommends that the court dismiss Mr. Garvie's 28 U.S.C. § 2254 petition for writ of habeas corpus (Pet. (Dkt. # 5)) for lack of subject matter jurisdiction and deny Mr. Garvie's pending motions (Dkt. ## 22-26, 28-29) as moot. (*See* R&R at 8.) Although Respondent Jason Bennett, warden of the Stafford Creek Corrections Center in Aberdeen, Washington

ORDER - 1

("Respondent"), responded to Mr. Garvie's § 2254 petition, he did not respond to Mr. Garvie's objections. (*See* Pet. Resp. (Dkt. # 14); *see generally* Dkt.) The court has reviewed the report and recommendation, Mr. Garvie's objections, the relevant portions of the record, and the governing law. Being fully advised, the court OVERRULES Mr. Garvie's objections, ADOPTS Magistrate Judge Vaughan's report and recommendation, DISMISSES Mr. Garvie's § 2254 petition, and DENIES Mr. Garvie's pending motions as moot.

## II. ANALYSIS[1]

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Garvie is proceeding *pro se*, the court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Mr. Garvie raises 14 objections. The court addresses each one below.

---

[1] Mr. Garvie does not raise any objections to the recitation of background facts set forth in the report and recommendation. (*See* R&R at 2-4; *see generally* Obj.) Therefore, the court adopts that portion of the report and recommendation.

1    First, Mr. Garvie objects that the report and recommendation "is procedurally
2 deficient, pursuant to *Gonzales v. Crosby*, 545 U.S. 524 (2005), [for] failing to apply the
3 successive petition analysis as set forth in *Sanders v. United States*, 373 U.S. 1 (1963);
4 *Williams v. Taylor*, 529 U.S. 362 (2000)." (Obj. at 1.) Magistrate Judge Vaughan,
5 however, did not need to consider whether Mr. Garvie's petition was a successive
6 petition because Mr. Garvie's sole claim for habeas relief was not cognizable under
7 § 2254 even if it was properly before the court. (R&R at 5.) Therefore, the court
8 OVERRULES Mr. Garvie's first objection.
9    Second, Mr. Garvie objects that the report and recommendation "failed to address,
10 and the Magistrate failed to order, the respondent to produce a certified copy of the
11 requested facts for claim adjudication pursuant to *Brady v.* [*Maryland*], 373 U.S. 83
12 (1963)[.]" (Obj. at 1 (citing *Brady* Mot. (Dkt. # 6)).) Magistrate Judge Vaughan,
13 however, addressed Mr. Garvie's *Brady* motion in her order directing service and an
14 answer to Mr. Garvie's petition. (*See* 4/16/24 Order (Dkt. # 9) at 2 n.1 (denying Mr.
15 Garvie's *Brady* motion because "Rule 5 of the Rules Governing Section 2254 Cases
16 ["Habeas Rules"] prescribes what documents Respondent is required to produce in a
17 federal habeas action").) Accordingly, the court OVERRULES this objection.
18    Third, Mr. Garvie objects that the report and recommendation "failed to consider
19 whether or not an evidentiary hearing would merit a resolution, or the Petitioner's right to
20 contest factual disputes and expand the record." (Obj. at 2.) The decision to hold an
21 evidentiary hearing is committed to the court's discretion. *Schriro v. Landrigan*, 550
22 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could

ORDER - 3

enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Here, Mr. Garvie does not explain what evidence he could have presented at an evidentiary hearing or how such evidence could have demonstrated that the court has jurisdiction over this matter. (*See generally* Obj.) Thus, the court OVERRULES the objection.

Fourth, Mr. Garvie objects that the report and recommendation "asserts a Procedural Defense without ordering a party to asserting [sic] a defense: 'defendant bearing the risk of equipoise.'" (Obj. at 2 (citing Habeas Rule 5; *Trest v. Cain*, 522 U.S. 87, 88 (1997); *O'Neal v. McAninch*, 513 U.S. 432, 437-44 (1995)).) It is unclear which aspects of the report and recommendation Mr. Garvie is challenging in this objection, and Mr. Garvie does not identify the defense at issue. Therefore, the court OVERRULES this objection.

Fifth, Mr. Garvie objects that the report and recommendation "failed to take Judicial Notice pursuant to the mandatory provision of [Federal Rule of Evidence] 201(d), nor was the Petitioner allowed to be heard pursuant to [Federal Rule of Evidence] 201(e)." (Obj. at 2; *see generally* Judicial Notice Mot. (Dkt. # 7).) Magistrate Judge Vaughan denied Mr. Garvie's motion for judicial notice in her April 16, 2024 order and informed the parties that she would "review the documents submitted by the parties once the briefing is complete and, if additional materials are necessary . . . so advise the

parties." (*See* 4/16/24 Order at 2 n.1.) On de novo review, the court agrees with that decision. Therefore, the court OVERRULES this objection.

Sixth, Mr. Garvie objects that "[t]he Report and Recommendation failed to address Petitioner's Affidavit in Support of" his § 2254 petition. (Obj. at 2.) The court has reviewed the affidavit and found nothing that would alter the conclusion that the court lacks jurisdiction over this action. (*See generally* Aff. (Dkt. # 5-1).) Therefore, the court OVERRULES this objection.

Seventh, Mr. Garvie objects that Magistrate Judge Vaughan "violated the Magistrate's Act by making a procedural defense without a record." (Obj. at 2 (citing 28 U.S.C. § 2250; *Dutty v. SCIP Superintendent Petsock*, 878 F.2d 123, 124 (3d Cir. 1989)).) As with his fourth objection, Mr. Garvie does not identify which procedural defense he is challenging. (*See generally* Obj.) In any event, the court's review of the report and recommendation reveals that Magistrate Judge Vaughan considered Respondent's arguments in opposition to Mr. Garvie's petition and agreed with Respondent that Mr. Garvie's claim was not cognizable under federal habeas law. (*See generally* R&R.) Thus, the court finds on de novo review that Magistrate Judge Vaughan did not "mak[e] a procedural defense without a record" and OVERRULES this objection.

Eighth, Mr. Garvie objects that the court "violated the Magistrate's Act and Habeas Rule 4 by failing to order an answer after meeting the non frivolous standard of 28 U.S.C. § 1915." (Obj. at 2.) Magistrate Judge Vaughan, however, *did* order Respondent to answer Mr. Garvie's petition and Respondent complied with that order. (*See* 4/16/24 Order; Pet. Resp.) Therefore, the court OVERRULES this objection.

Finally, objections 9 through 14 assert that the court "violated 28 U.S.C. § 636 by failing to enter a de novo review of" Mr. Garvie's (1) request for certification (Dkt. # 23); (2) request for records (Dkt. # 26); (3) motion to order response (Dkt. # 25); (4) motion requesting production of the record (Dkt. # 28); (5) motion requesting discovery (Dkt. # 24); and (6) motion to appoint counsel (Dkt. # 29).  (Obj. at 2-3.)  On de novo review, the court agrees with Magistrate Judge Vaughan's recommendation that these motions be dismissed as moot due to the court's lack of subject matter jurisdiction.  Therefore, the court OVERRULES these objections.

In sum, having reviewed Magistrate Judge Vaughan's report and recommendation, and having overruled all of Mr. Garvie's objections, the court ADOPTS Magistrate Judge Vaughan's report and recommendation in its entirety and DISMISSES Mr. Garvie's petition with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the court OVERRULES Mr. Garvie's objections (Dkt. # 32) and ADOPTS Magistrate Judge Vaughan's report and recommendation (Dkt. # 31) in its entirety.  The court ORDERS as follows:

1. Mr. Garvie's petition for a writ of habeas corpus (Dkt. # 5) and this action are DISMISSED for lack of subject matter jurisdiction;

2. Mr. Garvie's pending motions (Dkt. ## 22-26, 28-29) are DENIED as moot;

3. A certificate of appealability is DENIED for the reasons set forth in the report and recommendation (*see* R&R at 7-8); and

1      4.     The Clerk is directed to send copies of this order to Mr. Garvie, to counsel for Respondent, and to Magistrate Judge Vaughan.

Dated this 5th day of September, 2024.

                                                    A_____
JAMES L. ROBART
United States District Judge