1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

EUGENE BRIAN GARVIE,

CASE NO. C24-0371JLR

11

Petitioner,

ORDER

v.

12

JASON BENNETT,

13

Respondent.

14

15

## I.   INTRODUCTION

16

On September 5, 2024, the court adopted in its entirety United States Magistrate

17

Judge S. Kate Vaughan's report and recommendation over *pro se* Petitioner Eugene

18

Brian Garvie's objections, dismissed Mr. Garvie's 28 U.S.C. § 2254 petition for writ of

19

habeas corpus for lack of subject matter jurisdiction, and entered judgment.  (9/5/24

20

Order (Dkt. # 35); Judgment (Dkt. # 36); R&R (Dkt. # 31); Petition (Dkt. # 5);

21

Objections (Dkt. # 32).)  On September 12, 2024, Mr. Garvie moved for relief from that

22

judgment.  (MFR (Dkt. # 37).)  The court has considered Mr. Garvie's motion, the

relevant portions of the record, and the governing law.  Being fully advised, the court

DENIES Mr. Garvie's motion for relief from judgment.

## II.    ANALYSIS[1]

Mr. Garvie moves for relief from judgment under Federal Rule of Civil Procedure

60(b)(4).  (*See generally* MFR.)  Rule 60(b) "allows a party to seek relief from a final

judgment, and request reopening of his case, under a limited set of circumstances."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b)(4) provides relief from a final

judgment if that judgment is void as a matter of law.  Fed. R. Civ. P. 60(b)(4).  "The list

of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare

instance where a judgment is premised either on a certain type of jurisdictional error or

on a violation of due process that deprives a party of notice or the opportunity to be

heard.'"  *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student

Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016).

Mr. Garvie argues that the judgment is void under Rule 60(b)(4) based on "a

procedural defect in the procurement of the judgment in civil case [sic]."  (MFR at 1

(citing *Gonzalez*, 545 U.S. at 539 n.1).)  He "request[s] an application of the <u>Successive

Analysis</u> set forth in" *Sanders v. United States*, 373 U.S. 1 (1963).  (*Id.*)  Mr. Garvie,

however, raised this same issue in his objections.  (*See* Obj. at 1.)  The court overruled

the objection, stating that Magistrate Judge Vaughan "did not need to consider whether

---

[1] Magistrate Judge Vaughan set forth the factual background of this case in the report and recommendation.  (*See* R&R at 2-4; *see also* 9/5/24 Order (adopting the R&R).)  Therefore, the court does not repeat that background here.

1   Mr. Garvie's petition was a successive petition because [his] sole claim for habeas relief

2   was not cognizable under § 2254 even if it was properly before the court." (9/5/24 Order

3   at 3.)  Mr. Garvie does not explain how the court erred in its ruling or why the judgment

4   is among the "exceedingly short" list of voidable judgments. *Dietz*, 794 F.3d at 1096.

5   Therefore, the court DENIES Mr. Garvie's motion for relief from judgment.[2]

6       The court also denies Mr. Garvie's request for a certificate of appealability.  A

7   certificate of appealability "should only issue for [an] appeal arising from the denial of a

8   Rule 60(b) motion in a [habeas] proceeding if the movant shows that (1) jurists of reason

9   would find it debatable whether the district court abused its discretion in denying the

10  Rule 60(b) motion and (2) jurists of reason would find it debatable whether the

11  underlying [habeas] motion states a valid claim of the denial of a constitutional right."

12  *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).  Mr. Garvie has made

13  neither showing.  Accordingly, Mr. Garvie's request is DENIED.

14  //

15  //

16  //

17  //

18  //

19

20      [2] To the extent Mr. Garvie's motion should be liberally construed as a motion for
    reconsideration of the court's September 5, 2024 ruling, that motion is also denied.  Local Civil
    Rule 7(h)(1) provides that "[m]otions for reconsideration are disfavored" and "[t]he court will
21  ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or
    a showing of new facts or legal authority which could not have been brought to its attention
    earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  Mr. Garvie's motion
22  does not meet either standard.

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Mr. Garvie's motion for relief from judgment (Dkt. # 37) and DENIES his request for a certificate of appealability.

Dated this 13th day of September, 2024.

JAMES L. ROBART
United States District Judge