UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE BRIAN GARVIE,

               Petitioner,

   v.

JASON BENNETT,

               Respondent.

CASE NO. C24-0371JLR

ORDER

## I.   INTRODUCTION

On September 5, 2024, the court adopted in its entirety United States Magistrate Judge S. Kate Vaughan's report and recommendation over *pro se* Petitioner Eugene Brian Garvie's objections, dismissed Mr. Garvie's 28 U.S.C. § 2254 petition for writ of habeas corpus for lack of subject matter jurisdiction, and entered judgment.  (9/5/24 Order (Dkt. # 35); Judgment (Dkt. # 36); R&R (Dkt. # 31); Petition (Dkt. # 5); Objections (Dkt. # 32).)  On September 20, 2024, Mr. Garvie filed his second motion for relief from that judgment.  (MFR (Dkt. # 39).)  The court has considered Mr. Garvie's

1   motion, the relevant portions of the record, and the governing law.  Being fully advised,

2   the court DENIES Mr. Garvie's motion for relief from judgment.

3   ## II.   ANALYSIS[1]

4   Mr. Garvie moves for relief from judgment under Federal Rule of Civil Procedure

5   60(b)(4).  (*See generally* MFR.)  Rule 60(b) "allows a party to seek relief from a final

6   judgment, and request reopening of his case, under a limited set of circumstances."

7   *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b)(4) provides relief from a final

8   judgment if that judgment is void as a matter of law.  Fed. R. Civ. P. 60(b)(4).  "The list

9   of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare

10  instance where a judgment is premised either on a certain type of jurisdictional error or

11  on a violation of due process that deprives a party of notice or the opportunity to be

12  heard.'"  *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student*

13  *Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016).

14  Mr. Garvie argues that the judgment is void under Rule 60(b)(4) based on "a

15  procedural defect in the procur[e]ment of the judgment in civil case [sic]."  (MFR at 1

16  (citing *Gonzalez*, 545 U.S. at 539 n.1).)  He asserts that the court "vi[o]lated the

17  Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of MOTION

18  REQUESTING <u>BRADY</u> ORDER."  (*Id.*)  Mr. Garvie raised this same issue in his

19  objections.  (*See* Obj. at 1.)  The court, on de novo review, agreed with Magistrate Judge

20

21  ───────────────

22  [1] Magistrate Judge Vaughan set forth the factual background of this case in the report and recommendation.  (*See* R&R at 2-4; *see also* 9/5/24 Order (adopting the R&R).)  Therefore, the court does not repeat that background here.

1    Vaughan's reasons for denying Mr. Garvie's *Brady* motion and overruled the objection.

2    (9/5/24 Order at 3.)  Mr. Garvie does not explain how the court erred in its ruling or why

3    the judgment is among the "exceedingly short" list of voidable judgments.  *Dietz*, 794

4    F.3d at 1096.  Therefore, the court DENIES Mr. Garvie's motion for relief from

5    judgment.[2]

6         The court also denies Mr. Garvie's request for a certificate of appealability.  A

7    certificate of appealability "should only issue for [an] appeal arising from the denial of a

8    Rule 60(b) motion in a [habeas] proceeding if the movant shows that (1) jurists of reason

9    would find it debatable whether the district court abused its discretion in denying the

10   Rule 60(b) motion and (2) jurists of reason would find it debatable whether the

11   underlying [habeas] motion states a valid claim of the denial of a constitutional right."

12   *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).  Mr. Garvie has made

13   neither showing.  Accordingly, Mr. Garvie's request is DENIED.

14   //

15   //

16   //

17   //

18   //

19

20   [2] To the extent Mr. Garvie's motion should be liberally construed as a motion for reconsideration of the court's September 5, 2024 ruling, that motion is also denied.  Local Civil Rule 7(h)(1) provides that "[m]otions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  Mr. Garvie's motion does not meet either standard.

21

22

ORDER - 3

1

### III.   CONCLUSION

2        For the foregoing reasons, the court DENIES Mr. Garvie's second motion for

3    relief from judgment (Dkt. # 39) and DENIES his request for a certificate of

4    appealability.

5        Dated this 23rd day of September, 2024.

6

7

_____

8    JAMES L. ROBART
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4